NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: KOKI HOLDINGS AMERICA LTD.,**
*Petitioner*

---

2021-101

---

On Petition for Writ of Mandamus to the United States International Trade Commission in No. 337-TA-1082.

---

## ON PETITION

---

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## O R D E R

Koki Holdings America Ltd. petitions for a writ of mandamus directing the United States International Trade Commission ("Commission") to vacate its September 16, 2020 order instituting modification proceedings and to terminate the proceedings. Kyocera Senco Brands Inc. and the Commission oppose. Koki replies.

In September 2017, Kyocera filed a complaint against Koki with the Commission under 19 U.S.C. § 1337. Kyocera alleged that Koki violated § 1337 by importing gas spring nailer products covered by claims 1, 10, and 16 of U.S. Patent No. 8,387,718 ("the '718 patent"). The

Commission instituted an investigation.  After concluding that the products infringed the claims, the Commission issued a limited exclusion order against Koki gas spring nailer products that infringed the asserted claims.  The Commission also issued a cease-and-desist order.

Shortly thereafter, Koki requested from United States Customs and Border Protection a ruling that Koki's redesigned version of its nailer products did not infringe and were thus not subject to the Commission's exclusion order.  On June 30, 2020, Customs issued its ruling letter, agreeing with Koki that its redesigned products did not infringe.  On August 17, 2020, Kyocera petitioned the Commission to institute modification proceedings to determine whether the redesigned products were within the scope of the Commission's remedial orders.  On September 16, 2020, the Commission issued notice and ordered institution of those proceedings and referred the matter to an administrative law judge to issue a recommendation.  Koki then filed this petition to challenge whether the Commission exceeded its authority in implementing those proceedings.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted).  A party seeking a writ of mandamus bears the burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted).  And "even if [those] two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 381 (2004) (citing *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

Koki's core argument is that the presumed statutory basis on which the Commission invoked these modification proceedings, 19 U.S.C. § 1337(k)(1),[1] does not provide the Commission authority to "*add* products to a previously-issued exclusion order," which, Koki contends, is the "sole and avowed purpose" behind these proceedings. Pet. at 10–11. But Koki has not shown that a post-judgment appeal would be an inadequate available way of raising this challenge. Moreover, whatever force Koki's argument may have on direct appeal to this court, we cannot say that it has established the right to mandamus relief.

Koki cites no clear and indisputable authority that supports this core contention. The text of § 1337(k)(1) does not indisputably support such conclusion. It only says that "any exclusion from entry or order under this section shall continue in effect until the Commission finds . . . that the conditions which led to such exclusion from entry or order no longer exist." § 1337(k)(1). Nor does Koki cite any precedent directly on point. It cites three decisions of this court involving very different circumstances, none of which dealt with whether the Commission could institute modification proceedings at the behest of a patent owner to determine

---

[1]    The Commission's order cited 19 C.F.R. § 210.76(a) as its regulatory basis for authority, which says: "Whenever any person believes that changed conditions of fact or law, or the public interest, require that an exclusion order, cease and desist order, or consent order be modified or set aside, in whole or in part, such person may request, pursuant to section 337(k)(1) of the Tariff Act of 1930, that the Commission make a determination that the conditions which led to the issuance of an exclusion order, cease and desist order, or consent order no longer exist. The Commission may also on its own initiative consider such action."

whether a redesigned product fell within the scope of a prior limited exclusion order.[2]

It is also far from clearly indisputable that the Commission would be "adding" products to the exclusion order if it granted Kyocera relief, as Koki contends. The Commission's limited exclusion order here was not expressly limited to the adjudicated products but rather prohibits the "unlicensed entry of gas spring nailer products and components thereof that infringe one or more of claims 1, 10, and 16 of the '718 patent." Appx261. The Commission's purpose in commencing these proceedings is "to determine whether Koki's redesigned products infringe asserted claims 1, 10, or 16 of the '718 patent, and are therefore covered by the LEO." Appx2. And Koki cites no precedent of this court, nor are we aware of one, that has held that an exclusion order cannot cover unadjudicated products.

Koki makes an additional argument: while the Commission may under 19 U.S.C. § 1337(b) conduct such an investigation, that statute requires it to provide several procedural and substantive rights that the Commission had not customarily provided in modification proceedings. But Koki has not shown any clear and indisputable deprivation of rights has yet occurred. And to the extent that Koki is dissatisfied with the rights provided during the proceedings and/or not provided the right to bond or Presidential review, a post-judgment appeal is an adequate available remedy. Koki is not irreparably harmed by having to face the burden and expense of going through the proceedings. *Cf. In re Roche Molecular Sys., Inc.*, 516 F.3d

---

[2]    Koki cites the following decisions: *VastFame Camera, Ltd. v. International Trade Commission,* 386 F.3d 1108 (Fed. Cir. 2004); *Young Engineers, Inc. v. United States International Trade Commission*, 721 F.2d 1305 (Fed. Cir. 1983); and *SSIH Equipment S.A. v. United States International Trade Commission*, 718 F.2d 365 (Fed. Cir. 1983).

1003, 1004 (Fed. Cir. 2008) (petitioner's "hardship [and] inconvenience" in going through trial did not provide a basis for granting mandamus (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

November 25, 2020            /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court

s25